UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEWEL SHEPARD, <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA, N.A. et al., <br><br> Defendants. | 3:16-cv-00051-RCJ-WGC <br><br> **ORDER** |

This case arises out of a foreclosure of real property located at 2190 Marsh Ave., Reno, Nevada, 89509 (the "Property"). Plaintiff Jewel Shepard sued Defendants Bayview Loan Servicing, LLC ("Bayview"), Sables, LLC, Bank of America, N.A. ("BOA"), Recontrust Co., Les Zieve, and Countrywide Home Loans, Inc. ("Countrywide") in state court. Defendants removed. BOA, Countrywide, and Recontrust moved to dismiss based on claim preclusion, and the remaining Defendants joined the motion. Defendants noted that Plaintiff had filed a similar action in 2013 against BOA, Countrywide, Recontrust, and others, but not Sables, Zieve, or Bayview. (*See* No. 3:13-cv-698). The Court had dismissed the '698 Case with prejudice upon stipulation of the parties based on a settlement agreement (the "SA") that irrevocably discharged claims that had been or could have been brought. (*See* SA § 1(F), submitted *in camera*). The Court therefore granted the motion to dismiss. The Court did not dismiss against Sables, Zieve,

or Bayview based on claim preclusion, because they were not party to the previous action or the SA. They had, however, also asked the Court to dismiss for failure to state a claim, and Plaintiff had not timely opposed the motion. Plaintiff filed a notice of appeal and two motions asking the Court to reconsider. Plaintiff voluntarily dismissed her appeal, and the Court denied the motions to reconsider.

Plaintiff has filed two motions asking the undersigned to recuse. The Court denies the motions. First, the motions have been made after judgment. *See Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1472 (11th Cir. 1986); *Kent v. Cal. Reg'l Office of Am. Friends Serv. Comm.*, 497 F.2d 1325, 1330 (9th Cir. 1974). Second, the motions are based upon rulings unfavorable to Plaintiff, but no source of extrajudicial bias is alleged. "[B]ias for purposes of [28 U.S.C. § 455] must be from an extrajudicial source, and not solely from information gained in the course of the proceedings. Unfavorable rulings alone are legally insufficient to require recusal . . . ." *In re Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *United States v. Winston*, 613 F.2d 221, 223 (9th Cir. 1980); *Botts v. United States*, 413 F.2d 41, 44 (9th Cir. 1969)). The extrajudicial source of bias has since been ruled not to be necessary but only a factor in a recusal analysis. *See Liteky v. United States*, 510 U.S. 540, 554–55 (1994). The *Liteky* Court reaffirmed that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555 (citing *Grinnell*, 384 U.S. at 583). Opinions formed and comments made during the course of proceedings only provide the basis for recusal where they reveal a bias making fair judgment impossible:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias

or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in *Berger v. United States*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921), a World War I espionage case against German–American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." *Id.* at 28 (internal quotation marks omitted). Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.

*Liteky*, 510 U.S. at 555–56. In the present case, only unfavorable rulings are alleged as a basis for recusal.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Recuse (ECF Nos. 28, 29) are DENIED.

IT IS SO ORDERED.

Dated this 29th day of June, 2016.

_____
ROBERT C. JONES
United States District Judge